United States District Court
Southern District of Texas
**ENTERED**
February 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

JUSTIN A. LITTLES,                  §
                                    §
        Petitioner,                 §
                                    §
VS.                                 §        CIVIL ACTION NO. 6:23-CV-00027
                                    §
BOBBY LUMPKIN,                      §
                                    §
        Respondent.                 §

## MEMORANDUM AND RECOMMENDATION

Petitioner, Justin A. Littles (#02405870), is a Texas state prisoner currently incarcerated in the Lopez Unit of the Texas Department of Criminal Justice, Institutional Division in Edinburg, Texas. Proceeding *pro se*, he filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 23, 2023 challenging his two 2022 DeWitt County convictions for manufacturing and delivering controlled substances.[1] (D.E. 1). Respondent filed a Motion for Summary Judgment with Brief in Support on December 20, 2023 to which Petitioner filed a response on January 10, 2024. (D.E. 21 and D.E. 23). For the reasons stated below, it is respectfully recommended that Respondent's Motion for

---

[1]The petition was signed on May 23, 2023 and received by the Court on May 30, 2023. *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.") This case was consolidated with Case No. 6:23-cv-28. (D.E. 18).

Summary Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**.  (D.E. 21).

## I.   JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).  Jurisdiction is proper in this Court because Petitioner was convicted in DeWitt County, Texas, which is within the Southern District of Texas.  28 U.S.C. § 124(b)(5); 28 U.S.C. § 2241(d); *Wadsworth*, 235 F.3d at 961.  This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II.   BACKGROUND

On July 25, 2022, after pleading guilty, Petitioner was convicted of two first degree felonies in the 24th Judicial District of DeWitt County for manufacturing and delivering a controlled substance, receiving two 15 year sentences to run concurrently.  (D.E. 14-1, Page 18 (Cause No. 19-07-13, 143) and D.E. 14-4, Page 17 (Cause No. 19-08-13, 150).  In both cases, the indictment and judgment reference the allegation or finding of the Petitioner's use of a firearm and deadly weapon.  (D.E. 14-1, Pages 5-20 and D.E. 14-4, Pages 5-20).  Petitioner, having waived his right to direct appeal, did not file one.  (D.E. 14-1, Pages 16-17).  Petitioner filed four applications for a state writ of habeas corpus, on March 6, April 14 and April 24, 2023, which were all denied by the Texas Court of

Criminal Appeal ("TCCA") without written order on findings of trial court without hearing and on the Court's independent review of the record on May 10 and June 21, 2023, respectively.[2]  Petitioner filed the pending federal habeas action on May 23, 2023.  (D.E. 1).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

---

[2]In his first and second habeas petitions, Petitioner argued he was not convicted of using a firearm, he agreed only to a non-aggravated drug offense and therefore, he received ineffective assistance of counsel.  (D.E. 14-1, Pages 29-36 and D.E. 14-4, Pages 28-35).  The state habeas court determined Petitioner confessed in open court to using or exhibiting a deadly weapon during the offenses, his "plea of guilty ha[d] the effect of admitting all material facts alleged in the formal criminal charge," no objections were made to the deadly weapon allegations and Petitioner "was aware of the collateral consequences of the plea bargain agreement he entered into."  (D.E. 14-1, Pages 40, 52 and 54; D.E. 14-2; D.E. 14-4, Pages 38-39 and D.E. 14-5).

In his third and fourth habeas petitions, Petitioner argued he had no knowledge of what the deadly weapons charge meant or the collateral consequences of his pleas and the evidence was legally insufficient for a deadly weapon finding.  (D.E. 14-7, Pages 28-36 and D.E. 14-9, Pages 29-37).  The state habeas court held "that there are no undisputed, previously unresolved issues of fact material to the legality of the defendant's confinement," noting Petitioner "has filed a previous writ which has been considered by this Court."  (D.E. 14-7, Page 38; D.E. 14-8; D.E. 14-9, Page 39 and D.E. 14-10)

Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment procedure, applies with equal force to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…"). However, Rule 56 applies only to the extent that it does not conflict with the federal rules governing habeas proceedings. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004). Accordingly, § 2254(e)(1), mandating that a state court's findings are presumed to be correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. *Smith*, 311 F.3d at 668. Unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. § 2254(e)(1); *Id.*

### B.     Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law.  *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, U.S. 362 at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision.  If a decision by a state court is silent as to the reasons for the denial, a federal habeas court can "look

through" the decision and evaluate the last reasoned state court decision.  *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).[3]  Then, the federal habeas court must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court.  *Richter*, 562 U.S. at 101-02.  Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.  *Id.*  (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

This standard is very difficult to meet.  "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no further." *Richter*, 562 U.S. at 102.  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement."  *Id*. at 103.

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence.  *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006).  This deference extends not only to express findings of fact, but to the implicit findings of the state court.  *Id*.  In addition, "[w]here a

---

[3]The TCCA has explained a "denial" signifies the Court addressed and rejected the merits of a particular claim while a "dismissal" means the Court has declined to consider the claim for reasons unrelated to the claim's merits.  *Bledsue*, 188 F.3d at 257 (citing *Ex parte Thomas,* 953 S.W.2d 286, 289 (Tex. Crim. App. 1997)).

state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 784.

## IV.   PETITIONER'S ALLEGATIONS OF ERROR

Petitioner raises several grounds for relief arguing:

1. He "[d]id not use [a] weapon during [the] drug traffic stop [and] did not have drugs in [his] possession." (D.E. 1, Page 6).

2. He "[w]as not shown a warrant to search premises or body cam." (D.E. 1, Page 6).

3. He "[a]greed to a non-aggravated drug charge" and the "plea bargain agreement does not match [the] judgment." (D.E. 1, Page 7). Plaintiff asserts he signed the plea agreement under false pretenses because his ineffective counsel did not explain to him that a deadly weapon finding would enhance his convictions to aggravated offenses. (D.E. 1, Page 7).

4. There was no proof of manufacture or proof of delivery. (D.E. 1, Page 7).

The undersigned recommends each of these arguments fails to state any grounds for federal habeas relief, as discussed below.

## V.   DISCUSSION

In his first and second grounds for relief, Petitioner asserts he did not use a weapon during the traffic stop, he was not in possession of drugs, and he was not shown a warrant to search the premises or to take body camera footage. The undersigned recommends these claims are unexhausted and procedurally barred because they were not presented to the state court on state habeas review and Petitioner has not argued any exception to the procedural bar. A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. §2254(b). To do so, a petitioner must fairly present the factual

and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, all claims must be presented, either in a petition for discretionary review or a state application for writ of habeas corpus, to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

The Fifth Circuit has explained "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." *Ruiz v. Quarterman*, 460 F.3d 638, 642-43 (5th Cir. 2006) (citing *Picard v. Connor*, 404 U.S. 270, 275-77 (1971)). A federal habeas corpus petitioner also fails to exhaust his state remedies when he relies on a different legal theory than presented in state court, or when he makes the same legal claim in federal court but supports the claim with factual allegations he did not present to the state courts. *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988); *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983). Additionally, not only must a federal habeas applicant fairly present any claim to the highest available state court prior to seeking federal review, the applicant must also have presented the claims to the state court in the procedurally correct manner. These claims would be procedurally barred from federal habeas review under *Coleman v. Thompson* as Petitioner's first two claims would be barred by the well-established Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition. 501 U.S. 722, 729-30 (1991); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (Petitioner's failure to raise his claims

in his initial state habeas petition without cause means the Texas abuse-of-writ doctrine would bar a successive state habeas petition, meaning federal habeas review is precluded); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (An adequate and independent state ground "bars federal habeas review…because the prisoner had failed to meet a state procedural requirement.") (citing *Coleman*, 501 U.S. at 729-30); *Ford v. Georgia*, 498 U.S. 411, 424 (1991) (To produce a federal cognizable default, the state procedural rule "must have been 'firmly established and regularly followed' by the time" it is to be applied) (citation omitted); *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (same).

This ground for relief has not been presented to Texas Court of Criminal Appeals in a procedurally correct manner.  The Texas Court of Criminal Appeals applies its abuse of writ doctrine regularly and strictly.  *Emery v. Johnson*, 139 F.3d 191, 194-96 (5th Cir. 1997).  Therefore, the doctrine may be relied upon as an adequate and independent state ground for dismissal, forming the basis for the application of the procedural default doctrine.  *Id*.  Petitioner's failure to present these grounds for relief properly in state court is a procedural default that bars federal habeas corpus review.  *Fearance*, 56 F.3d at 642 (the Texas abuse of writ statute restricting successive habeas applications is regularly and strictly applied, constituting an independent and adequate procedural rule that bars federal review).

A procedural default may be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of

justice." *Coleman*, 501 U.S. at 750.  To demonstrate "cause," a petitioner must prove some condition external to the defense impeded his efforts to comply with procedural rules, the factual or legal basis of the claim was not available, or governmental interference rendered procedural compliance impractical.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Further, in this case, a miscarriage of justice would mean Petitioner has shown he is actually innocent of the crime for which he was convicted.  *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (To establish actual innocence, Petitioner must support his allegations with new, reliable evidence that was not presented at trial and also must demonstrate it is more likely than not that no reasonable juror would have convicted him light of the new evidence) (citations omitted); *Konemany v. Stephens*, No. H-13-2309, 2013 WL 6858506, at *3 (S.D. Tex. Dec. 30, 2013) ("By 'fundamental miscarriage of justice' is meant that he was actually innocent of the crime.") (citations omitted).

It is respectfully recommended that Petitioner has failed to exhaust his first two claims.  It is further recommended Petitioner has failed to argue, much less establish, cause and prejudice, nor has he shown he is actually innocent.  *Coleman*, 501 U.S. at 729-32.; *Fearance*, 56 F.3d at 642.  Therefore, it is recommended his first two claims are procedurally defaulted.

Petitioner next asserts in his third ground for relief that his guilty pleas were involuntary because his counsel did not explain to him that the deadly weapon findings would enhance his convictions to aggravated offenses.  For the reasons stated below, the undersigned recommends Petitioner's guilty plea was both knowing and voluntary.

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) ("On federal habeas review, a guilty plea which was voluntarily entered by a defendant who understood the nature of the charges and consequences of the please will pass constitutional muster"); *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000) (same) (citation omitted).  "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Devill v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)).  The Supreme Court has specifically held a guilty plea is a voluntary and intelligent choice among alternatives and not compelled when it is entered to avoid a longer sentence.  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  "The Constitution requires that a defendant be advised and understand the consequences of a guilty plea," meaning "only that the defendant must know the maximum prison term and fine for the offense charged."  *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990).  The requirement that a guilty plea be intelligently made "is not a requirement that all advice offered by the [Petitioner's] lawyer withstand retrospective examination in a post-conviction hearing." *McMann v. Richardson*, 397 U.S. 759, 770 (1970) (A guilty plea based on reasonably competent advice is an intelligent plea); *see also James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and

substance of the charges against him, and not necessarily whether he understood their technical legal effect.") (citations omitted).

Petitioner has failed to show he was inadequately informed of the nature of the charges against him prior to his guilty plea. Further, the record contradicts Petitioner's claim that he was not aware of the deadly weapons enhancement being included in his guilty plea. Instead, it indicates he was fully informed about the consequences of his plea and was entering the plea voluntarily after he was informed of the offenses he was charged with and the possible sentences. The indictments for the offenses at issue both included a "Deadly Weapon Notice." (D.E. 14-1, Pages 5-6 and D.E. 14-4, Page 5). On July 25, 2022, Petitioner signed plea bargain agreements with attachments, both of which include a range of punishment for the offense at issue as well as signed judicial confessions from Petitioner where he averred he had read the indictments, understood everything they contained, was guilty of all allegations made in the indictments and stated all allegations in the indictments were true and correct. (D.E. 14-1, Pages 5-15 and D.E. 14-4, Pages 6-14). Also on July 25, 2022, in open court, Petitioner was advised of the charges against him, the range of punishment for the offenses and he averred he was pleading guilty freely and voluntarily. (D.E. 14-4, Pages 48-55).

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (citations omitted); *Hobbs*, 752 F.2d at 1081-

82 (Such official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight.") (citations omitted); *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001).

Based on the record, the undersigned recommends the guilty pleas should be upheld. Petitioner has not shown his guilty pleas were not entered knowingly, voluntarily and intelligently. There is no evidence in the record to support Petitioner's contention that he was not fully informed prior to entering into the plea agreements or that he was otherwise coerced or induced to plead guilty. Further, the state habeas court found Petitioner's arguments on this issue to be without merit, which was adopted by the Texas Court of Criminal Appeals. (D.E. 14-2; D.E. 14-4, Pages 38-39 and D.E. 14-5). Petitioner makes no sufficient substantive argument that the state habeas court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable determination of the facts in light of the evidence presented. Therefore, Petitioner fails to meet his burden under AEDPA that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. at 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.")

In his final ground for relief, Petitioner challenges the sufficiency of the evidence against him, asserting there was no proof of manufacture or proof of delivery. For the

reasons stated below, the undersigned recommends this argument fails.  Here, Petitioner did not file a direct appeal.  Petitioner's failure to raise a sufficiency of evidence claim on direct appeal constitutes a procedural default barring this Court from considering his claim on the merits.  *West v. Johnson*, 92 F.3d 1385, 1398 n. 18 (5th Cir. 1996) (A state prisoner who fails to present a sufficiency claim to the TCCA on direct appeal is procedurally barred from raising the issue in state court and therefore, cannot obtain federal habeas relief on that basis); *Kittelson v. Dretke*, 426 F.3d 306, 317 n. 26 (5th Cir. 2005) (Under Texas Law, a state prisoner cannot seek habeas review of a sufficiency of evidence claim that was available but not raised on direct appeal).  Further, as addressed above, there are no grounds for excusing this procedural default as Petitioner has failed to argue or establish cause and prejudice and has failed to demonstrate he is actually innocent.  *Coleman*, 501 U.S. at 729-32.; *Fearance*, 56 F.3d at 642.  Therefore, the undersigned recommends this claim is procedurally barred on an adequate and independent state ground because it could have been but was not raised on direct appeal.

Further, [a]lthough *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (citations omitted).  Here, all of Petitioner's claims provide little to no explanation in support, nor does his response to the pending Motion.  Therefore, these allegations are not entitled to habeas relief.  *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (Given the deference due to state court

decisions, a habeas petitioner's conclusory allegations are insufficient to raise a constitutional issue) (citation omitted).

## VI.   RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's case be **DISMISSED**.  (D.E. 21).

ORDERED on February 9, 2024.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

16 / 16