United States District Court
Southern District of Texas
**ENTERED**
March 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JUSTIN A. LITTLES, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 6:23-CV-00027 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On February 9, 2024, United States Magistrate Judge Jason B. Libby issued his "Memorandum and Recommendation" (D.E. 24), recommending that Respondent's Motion for Summary Judgment (D.E. 21) be **GRANTED**. The parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's memorandum and recommendation. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. No objections have been timely filed.

When no timely objection to a magistrate judge's memorandum and recommendation is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's memorandum and recommendation. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's memorandum and recommendation (D.E. 24), and all other relevant documents in the record, and finding no clear error, the Court **ADOPTS** as its own the

findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment (D.E. 21) is **GRANTED** and Petitioner's case is **DISMISSED**.

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Littles has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may sua sponte rule on a COA). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find it debatable that Littles failed to state a claim for a violation of a constitutional right. Therefore, in the event that Littles seeks a certificate of appealability, it is **DENIED**.

**ORDERED** on March 13, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE